■ In the Matter of DE WITT C. BROWN et al., Respondents, v TOWN OF OYSTER BAY, BOARD OF ZONING APPEALS et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to annul so much of respondents' determination, dated July 23, 1975 and made after a hearing, as imposed two of three conditions on a use variance, which determination thereby amended a determination of October 20, 1949, the appeal is from a judgment of the Supreme Court, Nassau County, entered October 14, 1975, which granted the petition to the extent of eliminating the first and third conditions. Judgment reversed on the law, without costs or disbursements, determination confirmed and petition dismissed on the merits. The variance was originally granted in 1949 so as to permit the operation of a gift shop in a one-family residence. Three conditions were imposed: (1) "no sign of any description shall be erected advertising the business"; (2) "no show window will be constructed which would indicate that this is a business use"; and (3) "there will be no evidence of business." In 1973 petitioners applied to the board of zoning appeals for a variance on the ground that the conditions which had been originally imposed were so onerous that it was impossible to operate the gift shop. On February 7, 1974 appellants amended their original decision by permitting petitioners to erect a ground electric sign "no larger than 2 sq. ft. cubed with 20 ft. setback" upon four conditions: (1) the dwelling be owner occupied; (2) the existing sign on the building be removed; (3) the existing display of merchandise be removed from the windows; and (4) the sale area be limited to one room of the dwelling. Thereafter, petitioners commenced an article 78 proceeding challenging the four conditions. By order dated May 7, 1975 Special Term found the conditions to be unreasonable and the matter was remanded to appellants for the imposition of reasonable conditions. In compliance therewith, appellants rendered the determination under review, which further amended the original determination granting the variance by imposing three conditions: (1) all references to the words "gift" or "sales" be removed from the front of the structure facing Merrick Road; (2) the gift display and sales area not exceed 33⅓% of the ground floor area of the structure; and (3) an occupant in residence of the premises must have a proprietary interest in the gift shop business conducted on the premises. Petitioners commenced this proceeding to challenge the legality of the first and third conditions. We find no

basis for the annulment of the determination under review. The original variance, under which the property has been used since 1949, was a very limited permission, granted to the resident owner, to display and sell gifts within the residence. The challenged conditions constitute a reasonable exercise of appellants' power to effectuate that purpose. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.